FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
07 APR 20 PM 5:00
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALEXANDER JACKSON, | )<br>) |
| Movant, | )<br>) |
| v. | ) Case No. CV406-273<br>) [underlying CR401-180] |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255 and a motion to correct his pre-sentence investigation report (PSI). Docs. 1, 2. The government has filed a motion to dismiss movant's motions in accordance with the provisions of movant's plea agreement, in which movant waived his right to post-conviction collateral attack of his conviction and sentence. Doc. 4. Movant has not responded to the government's motion. For the following reasons, the government's motion should be GRANTED and movant's motions should be DISMISSED.

## I. Background

Movant was indicted in this Court on May 3, 2001 on two counts of possession of a firearm by an convicted felon and two counts of possession of marijuana. CR401-127, doc. 1. Movant, through retained counsel, entered a negotiated guilty plea on August 15, 2001, in which he pled guilty to an information charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). CR401-180, doc. 5.[1] The Court dismissed the original indictment upon acceptance of movant's guilty plea to the information. Doc. 6.

The Court sentenced movant to 110 months' incarceration, three years of supervised release, and a $100 special assessment on November 20, 2001. Doc. 6. Movant did not file an appeal.[2] Movant executed his § 2255 motion on November 6, 2006 and executed his motion to correct his PSI on November 9, 2006. Docs. 7, 8. Movant contends that the Court should correct his PSI and reduce his sentence because he successfully challenged

---

[1] Unless otherwise indicated, subsequent citations are to the docket in movant's criminal case based on this information, CR401-180.

[2] According to the terms of his plea agreement, movant "expressly waive[d] any and all rights conferred by [18 U.S.C. § 3742] to appeal any sentence imposed that is within the statutory maximums set out above [in the plea agreement]." CR401-180, doc. 5.

2

three of his prior state court convictions, which were included in the criminal history portion of his PSI and earned him four criminal history points.[3] Id. The government contends that the instant motion should be dismissed because movant waived his right to attack his sentence collaterally in his negotiated plea agreement. Doc. 11. The government alternatively contends that movant's motion is untimely since he did not file it within the one-year limitations period provided by § 2255. Id.

## II. Analysis

Before the Court can address any of the issues that movant raised in his § 2255 motion or the timeliness of the motion, it must consider the validity of movant's waiver of his right to appeal and collaterally attack his sentence contained in his plea agreement. The specific terms of the plea agreement addressing the waiver are as follows:

> Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, the defendant as part of this agreement and in consideration for the government's promises hereunder,

---

[3] Movant appears to be confused as to the number of points attributable to each of the prior state convictions. The vacated state convictions are listed in paragraphs 25, 29, and 31 of movant's PSI and account for only one of movant's criminal history points. See PSI at ¶¶ 25-35.

3

> expressly waives any and all rights conferred by that statute to appeal any sentence imposed that is within the statutory maximums set out above.
>
> The defendant, as part of this agreement and in consideration for the government's promises hereunder, also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

Doc. 5 at 5.

For a defendant's waiver of his appellate rights to be effective, the waiver must have been knowingly and voluntarily entered. United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also United States v. Benitez-Zapata, 131 F.3d 1444, 1445 (11th Cir. 1997). The government must therefore demonstrate "that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Bushert, 997 F.2d at 1351.

The above-quoted language from the plea agreement was contained in its own separate enumerated paragraph in the plea agreement and was titled "Waiver of Appeal and Collateral Attack." Doc. 5 at 5. In his

4

representations to the Court in the plea agreement, movant acknowledged that he "had the services of an attorney [he] believes to be competent" and that he had "met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice." Id. at 6. Movant further stated that his attorney had advised him of his rights and that his decision to enter the plea agreement was his "free and voluntary choice, and not [] a result of pressure or intimidation by any person." Id. at 7. Defendant then signed and dated the plea agreement under a statement which reads:

> I have read the foregoing Plea Agreement, consisting of 8 pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

Doc. 5 at 8.

Movant was accompanied by counsel during his Rule 11 hearing. Rule 11 Tr. at 3. Under oath, movant told the Court that he was satisfied with his attorney and that his attorney had afforded him competent

representation and had not attempted to force him to plead guilty to the information. Rule 11 Tr. at 21, 29, 34. Movant also informed the Court that the fact that he had retained his attorney and was paying for his services had not influenced his decision to plead guilty in any way. Rule 11 Tr. at 13-14. He also stated that he read the plea agreement very carefully and that his attorney read it with him before he signed it. Rule 11 Tr. at 27.

The Court also addressed the appeal waiver provision in the plea during the hearing. Rule 11 Tr. at 29. The Court specifically asked movant if he was agreeing to waive all of his rights to collateral post-conviction attack of his sentence and movant responded affirmatively. Id. The Court instructed movant that by his plea, movant was "giv[ing] up [his] right to say the judge was prejudiced against [him], or [his] lawyer was incompetent, or didn't do the right things, or a hundred other reasons that people sometimes say that they didn't get a fair trial or a fair sentencing, or were not adequately represented." Rule 11 Tr. at 30. The Court again asked movant if he understood that he was giving up all of those rights and movant responded that he did and that he did not have any questions about

what he was waiving. Id. One last time before accepting the plea, the Court reiterated the importance of the right to an appeal and movant again indicated that he understood the significance and was freely and voluntarily giving up that right. Rule 11 Tr. at 31.

Under these circumstances, the Court finds that movant's waiver of his appeal and post-conviction collateral attack rights was knowing and voluntary, as required by Bushert. The waiver was clearly set forth in his plea agreement, which plaintiff stated under oath that he read, discussed with his attorney, and understood. He signed the plea agreement, indicating his acceptance and understanding of the waiver provision, under penalty of perjury. In addition, at his Rule 11 hearing, the Court raised the waiver provision, discussed it with movant, and ensured that movant had read and understood it and agreed to it without the undue influence of his attorney or any other party. The Court also explained to movant the consequences of such a waiver, and movant still indicated that he had freely and knowingly entered into the agreement.

Because movant knowingly and voluntarily waived his right to appeal or otherwise collaterally attack his sentence, that waiver must be enforced.

7

See Benitez-Zapata, 131 F.3d at 1447 (dismissing defendant's appeal after upholding waiver of appellate rights in plea agreement).

## III. Conclusion

Based on the foregoing, movant knowingly and voluntarily waived his right to attack his sentence through post-conviction proceedings, and that waiver should be enforced. Accordingly, the government's motion to dismiss should be GRANTED and movant's § 2255 motion and motion to correct his PSI should be DISMISSED.[4]

**SO REPORTED AND RECOMMENDED this 20Th day of April, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Since the Court finds that movant executed a valid and enforceable waiver of his right to challenge his sentence through post-conviction motions, it need not address the government's assertion that the instant motion is untimely.